**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **AUGUST WAKAT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FEDERAL BUREAU OF INVESTIGATION, *et al.*,**<br><br>**Defendants.** | **Case No. 25-CV-278-JFH** |

**OPINION AND ORDER**

When a party is permitted to proceed in forma pauperis, the Court has authority to dismiss the action if, at any time, it appears the action is frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2). Although a pro se litigant's pleadings will ordinarily be viewed more liberally than those of their represented counterparts, a court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Dismissal is proper where a pleading is so deficient that the plaintiff "cannot make a rational argument on the law and facts in support of his claim." *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1986)). For the following reasons, the Court finds that dismissal of Plaintiff's August Wakat's Complaint [Dkt. No. 2] is warranted.

**BACKGROUND**

Plaintiff August Wakat filed his Complaint in this case on August 11, 2025, and he was granted in forma pauperis status on August 25, 2025. Dkt. Nos. 2, 14. In his Complaint, Plaintiff sues the Federal Bureau of Investigation ("FBI"), the United States Department of Justice, Office of the Inspector General ("DOJ-OIG"), American Heritage Bank, Joseph Hardzog (individually

and in his capacity as Vice-President of American Heritage Bank), the District Court of Wagoner County, Oklahoma, and Judge Douglas Kirkley (in his individual capacity and official capacity as District Judge for Wagoner County). Dkt. No. 2. From what the Court can glean, Plaintiff alleges that the FBI and the DOJ-OIG refused to investigate Defendants American Heritage Bank, Joseph Hardzon, and Henry Winn's alleged crimes of alteration of bank records, election fraud, mortgage fraud involving Plaintiff's property in Catoosa, Oklahom, mail fraud, and public corruption. He also vaguely references harassment by local law enforcement in Broken Arrow, Oklahoma, and Wagoner County, Oklahoma.

## ANALYSIS

### A. Plaintiff's Complaint is dismissed.

Plaintiff's Complaint is vague, conclusory, and difficult to discern what specific actions he alleges the Defendants did. Indeed, most of the introduction and factual allegations sections simply cite various exhibits or cases in a sporadic manner with no context. Furthermore, his "causes of action" section lists several counts that fail to "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). For instance, he alleges a § 1983 claim for "Violation of Civil Rights Under Color of Law" against "the Defendants," but he does not allege which Defendant allegedly violated his civil rights, nor does he specifically allege how. The same issue arises with his claims for "Conspiracy to Violate Civil Rights," "Deprivation of Rights," and "Declaratory Relief"—none of these claims distinguish between the Defendants or give them fair notice of the alleged misconduct and legal theory Plaintiff asserts against them.

The only allegations the Court can discern is a theory that the FBI and the DOJ-OIG refused to investigate the alleged crimes of several Defendants. As a remedy, Plaintiff seeks a writ of mandamus compelling the FBI and the DOJ-OIG to investigate "all related events and allegations described herein and in the attached exhibits." Dkt. No. 2 at 11. However, "[s]everal courts have held that [a federal law enforcement agency's] decision to investigate is a discretionary act, not a mandatory one, . . . and hence have denied mandamus relief where a plaintiff sought to compel the [the agency] to investigate a claim of alleged criminal activity." *White v. Fed. Bureau of Investigation*, No. 24-3179-JWL, 2024 WL 4723193, at *3 (D. Kan. Nov. 8, 2024) (collecting cases); *see also Brobst v. Attorney General United States*, 807 F. App'x 184, 185–86 (10th Cir. 2020) (affirming dismissal of writ of mandamus requiring defendants to investigate his allegations of bankruptcy fraud and to criminally prosecute those allegedly responsible "because defendants do not owe Brobst a clear nondiscretionary duty to investigate or prosecute these alleged crimes"); *Presley v. Presley*, 102 F. App'x 636, 636 (10th Cir. 2004) (holding that an order for law enforcement to investigate and prosecute individuals for various crimes "would improperly intrude upon the separation of powers"). Accordingly, Plaintiff cannot obtain relief for this "claim" either.

For these reasons, Plaintiff's Complaint [Dkt. No. 2] is dismissed without prejudice under 28 U.S.C. § 1915(e)(2) as frivolous.

**B. Leave to amend is denied, and Plaintiff's in forma pauperis status may be revoked.**

Because these claims appear to be frivolous, and because of the myriad of related cases Plaintiff has filed in other federal courts involving the same property and parties, the Court denies further leave to amend and warns Plaintiff that his in forma pauperis status could be revoked in the future. The Court will briefly explain its reasons below.

This is not the first lawsuit Plaintiff has filed involving Mr. Winn and/or Plaintiff's Catoosa property. In fact, this is not even the tenth. Indeed, the Northern District of Oklahoma has dismissed or remanded to state court for improper removal at least nine cases brought by Plaintiff.[1] The Northern District of Oklahoma even placed filing restrictions on him because of his excessive filing. *See In re August Wakat Filing Restrictions*, No. GO 25-09, Dkt. No. 1 (N.D. Okla. Sept. 10, 2025). Plaintiff also filed a lawsuit in the United States District Court for the District of Colorado, which the court dismissed. *See Wakat et al. v. United States District Court for the Northern District of Oklahoma*, 25-CV-1672-RTG (D. Colo dismissed October 29, 2025). He also filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Colorado, which the court dismissed as well. *See In re Wakat*, No. 25-16650, 2025 WL 3670853, at *2 (Bankr. D. Colo. Dec. 17, 2025) (stating that "this case is just Wakat's latest attempt at forum shopping"). Finally, Plaintiff filed another related case in the United States District Court for the Eastern District of Oklahoma, which the Court will be dismissing contemporaneously with this case. *See Wakat v. Federal Bureau of Investigation et al.*, 25-cv-278-JFH (E.D. Okla. dismissed Sep. 28, 2026). Together, federal courts have dismissed or remanded at least thirteen cases that Plaintiff brought before them, all of which involved the Winns and/or Plaintiff's Catoosa property. And this does not even include the numerous state cases Plaintiff has filed.

---

[1] *See Wakat et al. v. City of Tulsa et al.*, 24-cv-564-JDR-MTS (N.D. Okla. dismissed July 8, 2025); *Wakat v. Winn et al*, 24-cv-576-GKF-JFJ (N.D. Okla. dismissed January 3, 2025); *Wakat et al v. City of Tulsa et al*, 25-cv-201-JDR-SH (N.D. Okla. remanded June 2, 2025); *Wakat et al v. City of Tulsa et al*, 25-cv-202-JDR-SH (N.D. Okla. remanded May 9, 2025); *Winn v. Wakat et al*, 25-cv-206-JDR-JFJ (N.D. Okla. remanded June 2, 2025); *Wakat et al v. City of Tulsa et al*, 25-cv-268-SEH-CDL (N.D. Okla. dismissed September 3, 2025); *Wakat v. Henry Winn et al.*, 25-cv-380-SEH-JFJ (N.D. Okla. dismissed February 9, 2026); *Wakat v. Lamar Advertising Co. et al.*, 25-CV-381-JDR-JFJ (N.D. Okla. dismissed August 19, 2025); *Wakat v. Robson et al.*, 25-cv-389-CVE-SH (N.D. Okla. dismissed August 5, 2025).

This history is relevant for two reasons. First, it shows that Plaintiff has had numerous opportunities to sufficiently allege his claims across federal courts in three different states, and he has continuously failed to do so. Even now, Plaintiff alleges claims that are incomprehensible and plainly frivolous. For these reasons, the Court denies him leave to amend.

Second, "this history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith" under 28 U.S.C. § 1915(d). *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989). "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the [federal judiciary's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Id.* (quoting *In re McDonald*, 489 U.S. 180, 109 (1989) (per curiam)). And, "[t]he continual processing" of Plaintiff's claims "simply does not promote this end." *Id.* Accordingly, Plaintiff is warned that future frivolous filings may result in revocation of his in forma pauperis status in the United States District Court for the Eastern District of Oklahoma.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Complaint [Dkt. No. 2] is DISMISSED without prejudice, leave to amend is DENIED, and all other pending motions in this case are DENIED as moot.

Dated this 28th day of September, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE